Robert S. BREWER, II, et al.

v.

John HILL, James Mahon and Spencer Carver.

No. CA 3–77–0347–C (Consolidated).

United States District Court,
N. D. Texas,
Dallas Division.

June 29, 1978.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for defendants Hill and Mahon.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for Spencer Carver.

Plaintiffs Robert S. Brewer, II, Elvin E. Hartman, Odis G. Ellis, Roy C. Rogers, Gloria Rogers, Judson Morris, Gloria Ludlum, Howell C. Willis, Leroy J. Jenkins, John A. Flack, Gary W. Ireland, Vernon C. Ellison, Joe Hambrick, Mrs. Nelda Hambrick, Gregory R. Thatcher, Glenn L. DeVries, V. R. Hylton, Mary Rymiller, Howard Self, Vena K. Aigner, James C. Neeley, Frances Darby, Sibley Cooley, Russell S. Thatcher, Catharina F. Pine, Don Overstreet, June B. Overstreet, Henry J. Aigner, Raymond Feyereisen, Donald H. Mathes, Bobby K. Johnson,

W. V. Doyle, James T. Smith, and Robert Pine, pro se.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

On the evening of March 11, 1977, a Receiver appointed by the District Court of Dallas County, Texas, 191st Judicial District, along with four Deputy Constables served a Temporary Restraining Order on a meeting in a Dallas County motel room.

Subsequently, thirty-two persons present at that meeting filed suits in either this Court or the United States District Court for the Southern District of Texas. The Southern District cases have been transferred to this Court and all thirty-two consolidated under the above-style and civil action number.

The Defendants are John Hill, Attorney General of the State of Texas; Spencer Carver, Judge of the 191st Judicial District Court of Dallas County, Texas, and James Mahon, the court-appointed Receiver.

■ All three Defendants have moved for Summary Judgment. The Court is of the opinion that these motions are well taken and will enter Judgment for the Defendants.[1]

Plaintiffs have sued under 42 U.S.C. 1983.[2] It is clear that there is subject matter jurisdiction but immunity from suit on the part of all three Defendants.

Assistant Attorney General William Flanary of the State of Texas filed suit in the 191st District Court of Dallas County, Texas, alleging violations of the Texas Deceptive Trade Practices—Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41 et seq. Pursuant to § 17.47 of that Act, Mr. Flanary verified the Petition and asked for a Temporary Restraining Order. Defendant Carver reviewed the Application for the Temporary Restraining Order and granted it. This Order appointed Defendant Mahon as Receiver for the Court with power to seize certain assets of the Defendants in that proceeding to be retained as evidence. That evening Defendant Mahon went to the meeting attended by Plaintiffs in order to seize the items specified in the Temporary Restraining Order. He found none and was subsequently discharged as Receiver.

The Supreme Court has stated:

"Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken 'under color of' state law."[3]

Had the three Defendants not been officials of the State of Texas and in performance of their duties, the occasion for this suit would never have occurred. But because of the nature of their public positions, they are afforded immunity.

■ The Supreme Court in the case of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), has again reaffirmed the absolute immunity of judges when acting within the jurisdiction of their courts. Section 17.47 of the Texas Business & Commerce Code provides that the office of the Attorney General of the State of

---

1. Fifteen of these pro se Plaintiffs sent to this Court a letter dated July 7, 1977, demanding that this Judge disqualify himself. These Plaintiffs have not pursued this matter and may have abandoned it. In any event, the Court will take it as a Motion to Disqualify and deny it for being without foundation. The motion was in response to an Order of the Court quashing lis pendens notices filed by the Plaintiffs. This Order was upheld by the Fifth Circuit in Appeal No. 77–2873 by opinion and order dated February 28, 1978.

   It is elementary that a party may not have a Judge disqualified for ruling against him. Otherwise, a party could sequentially disqualify Judges until they found one who suited their purposes, not the public's.

2. § 1983. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. *United States v. Classic, et al.*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940); at p. 326.

Texas may file suit in the district court of the county in which the defendant resides, has his business, has done business or where the transaction occurred when it believes that there has been a violation of the Deceptive Trade Practices—Consumer Protection Act, ante. Therefore, Judge Carver is absolutely immune as there can be no doubt but that the action filed by the Attorney General's office was within the jurisdiction of this court, the 191st District Court of Dallas County, Texas.

Defendant Mahon is also immune. Receivers are immune as long as they act in good faith and within the terms of their appointment.[4]

Defendant Mahon filed his affidavit in support of this Motion for Summary Judgment which was never countered by any of the Plaintiffs in a competent instrument. So the Court must accept as true his statement that he went to the motel room, could not find any records of the State Court Defendants and left, and that he was not directing or controlling the Deputy Constables who entered the room when he did. Beyond this, the real complaint of the Plaintiffs is not that the Temporary Restraining Order was effected in an unconstitutional manner, but that it was unconstitutional in and of itself. Mr. Mahon was only carrying out the terms of the order, issued by a court of competent jurisdiction and valid on its face.

The Attorney General also has absolute immunity. Prosecutors are afforded quasi-judicial immunity. Otherwise, these servants of the people would likely be as concerned about protecting themselves from suit as furthering the public policy. That John Hill and his deputies are not District Attorneys, County Attorneys or such is of no moment. The suit that was filed in the 191st District Court of Dallas County, Texas, was filed in an attempt to further the public policy of the State of Texas as expressed in the Deceptive Trade Practices—Consumer Protection Act of the State of Texas. The reasons for affording quasi-judicial immunity in this instance are the same as if the Attorney General or one of his deputies had been seeking an indictment and prosecuting a criminal action.[5]

It should also be noted that the complaints of the Plaintiffs are also subject to dismissal for failure to give discovery. Plaintiffs were served with interrogatories by Defendants Hill and Mahon. They refused to answer them, standing on their Fifth Amendment rights as they perceived them. Upon a pretrial held on July 7, 1977, after notice to all parties, Plaintiffs were instructed to object with particularity to any individual question which they did not believe would be proper under the Federal Rules of Civil Procedure. They were also advised that they could not present any evidence upon trial as to any topic questioned about in the interrogatories if they did not answer them or did not make proper objection to them. They were then allowed 10 days to file proper objections or 20 days to file proper answers to interrogatories. The following day, the Court sent a letter to all parties, again announcing these rulings, as a few of the Plaintiffs did not attend the pretrial.

To this day, almost a year later, no proper objections or answers have been filed, and Defendants have moved to dismiss because of this.

There are sufficient grounds to dismiss for failure to answer or object on two counts. First, Rule 37 of the Federal Rules of Civil Procedure allows for such dismissal out of hand in this situation. Second, that Rule also allows the Court to deem facts to be true or to enter an order denying a party from presenting evidence as to designated matters. If the Court were to do the latter herein, Plaintiffs could then present no evidence as to the operative facts surrounding the events in question. Because of this inability to prove their case, Plaintiffs are

4. *Kermit Construction Corp. v. Banco Credito Y. Ahorro Ponceno, et al,* 547 F.2d 1 (1st Cir. 1976).

5. *C. M. Clark Insurance Agency, Inc. v. George F. Reed,* 390 F.Supp. 1056 (S.D.Texas, 1975).

then subject to a motion for summary judgment or a motion to dismiss.

It therefore appears to the Court that under either theory the Plaintiffs' complaints should be dismissed, and it will, accordingly, be

SO ORDERED.