**T & W INVESTMENT COMPANY, INC., an Oklahoma Corporation, Plaintiff-Appellant,**

v.

**Thomas KURTZ, Defendant-Appellee.**

No. 77–1611.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 17, 1978.

Decided Dec. 18, 1978.

David H. Sanders and Philip McGowan of Sanders, McElroy & Carpenter and Gerard K. Donovan of Donovan, Freese & March, Tulsa, Okl., for plaintiff-appellant.

Sidney G. Dunagan of Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Okl., for defendant-appellee.

Before HOLLOWAY, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This appeal arises out of a civil action brought by T & W Investment Company, Inc. (T & W) against Thomas Kurtz (Kurtz) under 42 U.S.C. § 1983. Kurtz was a receiver appointed by an Oklahoma state court for T & W and a related corporation, Tulsa Whisenhunt Funeral Home, Inc. (Tulsa Whisenhunt). The allegations were that

Kurtz, acting as receiver of the corporations under color of state law, took T & W's property without due process, without just compensation, and in violation of its rights to equal protection. The specific complaint was that certain items of tangible personal property (automobiles, furniture and furnishings) owned by T & W were sold by Kurtz in his capacity as receiver of Tulsa Whisenhunt, and in that same receiver capacity Kurtz arbitrarily refused to authorize Tulsa Whisenhunt to pay rentals on buildings and vehicles owed to T & W.

The trial judge granted summary judgment in favor of Kurtz on grounds that as receiver he was immune from suit under the Civil Rights Act. It also found that the rights of T & W to these assets had been adjudicated in the state court and was *res judicata*, and declared that a federal court should not interfere with a state court's receivership proceedings. From this judgment T & W appealed.

We treat only the immunity question as that is enough to dispose of this case.

It is well established that judges and court officials are immune from suit under § 1983 for acts performed in their official capacities, even if they are accused of acting maliciously and corruptly. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The courts that have considered the matter have held that a receiver is a court officer who shares the judge's immunity, at least if he is carrying out the orders of his appointing judge. *See Kermit Constr. Corp. v. Banco Credito y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976):

> At the least, a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity. To deny him this immunity would seriously encroach on the judicial immunity already recognized by the Supreme Court. *Pierson v. Ray, supra*. It would make the receiver a lightning rod for harassing litigation aimed at judicial orders. In addition to the unfairness of sparing the judge who

gives an order while punishing the receiver who obeys it, a fear of bringing down litigation on the receiver might color a court's judgment in some cases; and if the court ignores the danger of harassing suits, tensions between receiver and judge seem inevitable. Other federal courts have reached a similar conclusion.

*Accord, Bradford Audio Corp. v. Pious*, 392 F.2d 67 (2d Cir. 1968); *Brewer v. Hill*, 453 F.Supp. 67 (N.D.Tex.1978); *Smallwood v. United States*, 358 F.Supp. 398 (E.D.Mo.), aff'd without opinion, 486 F.2d 1407 (8th Cir. 1973); *Drexler v. Walters*, 290 F.Supp. 150 (D.Minn.1968).

T & W attempts to take this case out of that line of authorities by saying that the receiver here was not acting in accordance with and under the protection of a court order. *Cf. City Partners, Ltd. v. Jamaica Sav. Bank*, 454 F.Supp. 1269 (E.D.N.Y. 1978). This is based upon the charge that the assets of T & W which were sold by Kurtz, and his failure to pay rents due to T & W, were in his capacity as receiver for Tulsa Whisenhunt. We do not agree.

Kurtz was appointed receiver for Tulsa Whisenhunt in February 1976 and for T & W in June 1976. In his petition to intervene and to be appointed T & W's receiver he alleged that: T & W is a related entity so substantially intertwined with Tulsa Whisenhunt that the operation of the funeral home would have been suspended if the receiver were not also controlling and managing T & W; T & W owns the building where Tulsa Whisenhunt conducted a major portion of its business and holds leases on automobiles used in the funeral home operation; Tulsa Whisenhunt is the only source of income for T & W; Tulsa Whisenhunt is paying all lease payments on automobiles directly and was owed $42,317.53 as of February 5, 1976, by T & W. This was supported by a detailed accounting showing numerous cash transfers between the entities and payment of obligations of one entity by the other. The application charged that T & W is the alter ego of Tulsa Whisenhunt and that if granted receivership

Kurtz "by both law and equity when necessary to protect the rights of third persons, and accomplish justice will disregard T & W Investment Company's and Tulsa Whisenhunt Funeral Home's theoretical separate existence and treat them as identical."

After appointment monthly accounting statements filed covered both entities in a single report. Many of the court proceedings were in consolidated cases involving both T & W and Tulsa Whisenhunt as defendants. Most of the assets complained of as having been sold erroneously by Kurtz were specifically listed in a bid package approved by the court. Lease agreements attached as part of the bid package showed on their face that the lessee was T & W rather than Tulsa Whisenhunt. The order of sale stated that it was upon the application of the receiver for Tulsa Whisenhunt and T & W to sell all of the assets of Tulsa Whisenhunt and "its related entities, as going businesses." T & W was expressly mentioned as a related entity. T & W appeared through separate counsel and objected throughout the proceedings, including specific objections to the failure of Kurtz to list T & W as a creditor of Tulsa Whisenhunt and to pay rentals it alleged were due T & W from Tulsa Whisenhunt. Ultimately T & W made essentially the same claims being asserted here in the state court receivership, where they were ruled as having already been covered by the court's orders and hence *res judicata* between the parties.

Reviewing the record as a whole it seems clear that every action by Kurtz objected to in this suit was known to and approved by the state court judge supervising the receiver. T & W had an opportunity to and did object throughout the state court proceedings to the fact it was not being treated as a separate entity entitled to creditor status with respect to Tulsa Whisenhunt. We hold that the receiver was in fact following the orders of the court and complying therewith. In these circumstances, at least, the receiver is entitled to share the judge's immunity. The suit, therefore, was properly dismissed as not cognizable under 42 U.S.C. § 1983.

The judgment is affirmed.