Bill DICKERSON and Laura
Dickerson, Plaintiffs,

v.

Ann CURTIS, Anne Parks, Dre Dufford-
Anjo, Norman Kirsch, Donn Hansum,
Shirley Mondragon and Board of Com-
missioners of Arapahoe County, De-
fendants.

Dale ADAMSON, Plaintiff,

v.

Cynthia CAREY, Sheila Casey, Sheila
Mondragon, and Norman Kirsch,
Defendants.

Carol CURTIS, Plaintiff,

v.

Terri DODD, Kati Petrovic, Naomi Reed,
Johanna Perkins, Jody Razi, Merrily
Reimer, Diann Ketlehut, Richard Mar-
tin, John Does 1–5, Jane Does 1–5, and
Board of Commissioners of Adams
County, Defendants.

Clarence KIMMET, Ruth Kimmet, and
Kara Kimmet, an infant by and
through her parents and next friends
Clarence and Ruth Kimmet, Plaintiffs,

v.

David RYAN, Diane Dennison, and
Arapahoe County Department of
Social Services, Defendants.

Civ. A. Nos. 86–K–778, 86–K–870,
86–K–1862 and 87–K–800.

United States District Court,
D. Colorado.

June 5, 1987.

David Hofer, Lakewood, Colo., for Adam-
son, Curtis & Dickersons.

Doris Besikoff, Denver, Colo., for plain-
tiffs in 87–K–800.

Carol Curtis, pro se.

Bill Dickerson, pro se.

Elizabeth H. McCann, Denver, Colo., for
defendant Ketlehut.

James Heiser, Asst. Co. Atty., Littleton,
Colo., for defendants Arapahoe County.

Dennis J. Tharp, Esq., Rebecca Parker,
Asst. Co. Attys., Brighton, Colo., for de-
fendants Adams County.

Joe Pickard, Denver, Colo., for Dicker-
son.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

*Background*

In these consolidated actions arising un-
der 42 U.S.C. § 1983, the complaints allege
defendants deprived plaintiffs of constitu-
tional rights by removing plaintiffs' chil-
dren from plaintiffs' custody and subse-
quently placing those children in foster
homes. Before me now are two motions
for summary judgment filed on February
9, 1987 and March 3, 1987 in Civil Action
No. 86–K–1862.

The February 9, 1987 motion is composed
of three basic points: (1) plaintiff has failed

to produce factual support in the discovery process for her claims, thus running afoul of *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); (2) there is no subject matter jurisdiction; and (3) the underlying state juvenile court judgment is res judicata to this action. The March 3, 1987 motion is essentially a repeat of the February 9 motion. The later motion posits (1) that the issues in this action were once litigated in state court; and (2) the record demonstrates plaintiff has no factual basis to support her claims. Because the motions are so similar, I shall consider them together.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining the existence of any genuine issue of material fact, the record is construed in the light most favorable to the party opposing the motion. *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980). However, the adverse party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

*Motions for Summary Judgment*

The affidavit of Judge Richard Borchers establishes that in 1984 defendants caused to be filed in state juvenile court a petition in dependency and neglect against plaintiff Curtis. On March 4, 1985, Judge Borchers presided over an adjudicatory hearing held on that petition. At the hearing, the judge advised Curtis of her constitutional and statutory rights. Nevertheless, Curtis, in the presence of court-appointed counsel, admitted to the petition. Upon his determination that this admission was knowingly and intelligently made, Judge Borchers accepted the admission and adjudicated plaintiff's children as dependent and neglected. The judge presided over at least seven disposition and review hearings, held after March 4, 1985, to reassess his determination that the welfare of the children was best served by vesting custody in the Department of Social Services. Defendants' March 3, 1987 Motion for Summary Judgment, Exhibit C. Custody has apparently been returned to plaintiff since the date of Judge Borchers' affidavit. *See* Plaintiff's Response to March 3, 1987 Motion, at 2.

Defendants served certain discovery requests on plaintiff in this action. Pertinent discovery is set forth below:

QUESTION 2. In the third paragraph on page one of the complaint, plaintiff alleges that defendant Terri Dodd refused to return plaintiff's children to plaintiff's home and placed them in foster care. With respect to this allegation, please state in detail all facts upon which you rely upon [sic] to support this allegation against defendant Dodd.

ANSWER 2. Each defendant, while acting as caseworkers for the county department of social services, and while acting under color of law, failed to return plaintiff's children to her custody and control, and instead continued foster placement, in spite of the lack of any facts which would indicate that plaintiff was an unfit mother. Plaintiff relys [sic] on the court records in the juvenile case, on her attorney, Meredith Robbins' observations, and on her knowledge of her relationship with her children.

QUESTION 4. You allege that defendant Dodd filed false and misleading affidavits and reports with the juvenile court. With respect to this allegation, please:

\*　　\*　　\*　　\*　　\*　　\*

B. State each and every fact contained within such affidavits and reports which you claim are false and misleading.

C. State in detail how the affidavits and reports were false and misleading.

ANSWER 4.

B. Defendants represented to the court that plaintiff was financially unable to care for her children, and failed to represent that there were actually no facts supporting placement of her children outside her home.

C. Plaintiff was in fact financially able to care for her children, and was a fit and proper person to have custody of her children.

QUESTION 15. If you do not unequivocally admit the preceding request for admission, [that defendants acted in good faith] please state with specificity all reasons for denying same.

ANSWER 15. Defendants acted with [sic] any reasonable belief that their actions were necessary or appropriate. Defendants failed to return the children to plaintiff's custody when there was no longer any danger to the children.

Viewing plaintiff's discovery responses, defendants conclude:

By discovery response plaintiff asserts that her whole case rests upon her allegations that defendants had no factual basis to initially place the children away from the plaintiff and had no factual basis to continue the placement away from the plaintiff. These issues lie at the heart of the juvenile court action wherein Judge Borchers, after court hearing, ordered custody of the children transferred to the Department of Social Services. Judge Borchers thereafter retained jurisdiction to determine further custody issues.

Defendants' March 3, 1987 Supporting Brief at 3.

Defendants' assessment of the situation is correct. The affidavit of Judge Borchers and the discovery material set forth above reveal that this action is a mere rehash of Judge Borchers' custody determination. Plaintiff could have, but apparently did not, raise the constitutional claims she now asserts in any of the hearings Judge Borchers convened. She also could have sought, but again apparently did not do so, state appellate review of the judge's decision. Instead, as Judge Borchers' affidavit indicates, she chose to waive her constitutional claims. She now hopes to use this action in an attempt to recover damages for the consequences of her uncontested admission.

I have no authority to review the validity of Judge Borchers' custody determination nor his acceptance of plaintiff's admission. *Anderson v. State of Colorado,* 793 F.2d 262, 263 (10th Cir.1986). Despite plaintiff's protestations to the contrary, *see* Plaintiff's Response to March 3, 1987 Motion at 2–3, "this lawsuit essentially seeks to undo the custody decision of the Colorado state court." *Anderson* at 264. *Accord Lesher v. Lavrich,* 784 F.2d 193, 196 (6th Cir.1986); *see also Carpenter v. Reed,* 757 F.2d 218, 219–20 (10th Cir.1985).

The "sketchy facts" noted in my ruling on a previous similar motion in these consolidated cases, *see Czikalla v. Malloy,* 649 F.Supp. 1212, 1216 (D.Colo.1986) have been definitely clarified by the affidavit of Judge Borchers and by plaintiff's discovery answers. Plaintiff claims she is not relitigating the state court judgment because she is instead "attempting to assert her children remained placed out of her home without any evidence she was an unfit mother." Plaintiff's Response to March 3, 1987 Motion, at 2. This position is meritless, because evidence of being an unfit mother, in the form of plaintiff's state court admission and Judge Borchers' consideration of that admission within the context of the entire petition, forms the basis of the state court judgment.

"Where," as here, "a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Anderson* at 263. In contravention of this principle, plaintiff effectively seeks to undo both her state court admission, and Judge Borchers' determination made in accordance with that admission, by collecting damages in this § 1983 action.

Accordingly, IT IS ORDERED that defendants' motions for summary judgment are granted. Civil Action No. 86–K–1862 is dismissed. IT IS FURTHER ORDERED that all plaintiffs in these consolidated actions shall review their complaints for compliance with the contents of this memorandum opinion and order. Sanctions will be imposed for cases, not voluntarily dismissed, which also fall within the

*Anderson* doctrine. IT IS FURTHER OR-DERED that defendants' request for oral argument is denied as moot.