Darryl THURGOOD, Plaintiff,

v.

Honorable Michael K. BURTON, individually, and in his capacity as Third District Court Judge; Honorable David S. Young, individually, and in his capacity as Third District Court Judge; the State of Utah; and John Does one through five, Defendants.

No. 2:02CV1385DS.

United States District Court, D. Utah, Central Division.

Jan. 9, 2003.

Darryl Thurgood, Morgan, UT, pro se.

## ORDER OF DISMISSAL

SAM, Senior District Judge.

Before the court is a Motion for Temporary Restraining Order filed by plaintiff Darryl Thurgood. Plaintiff has requested the court to expedite its disposition of his motion due to the press of related matters which are scheduled in state court. The court, in an attempt to comply with plaintiff's request and having carefully reviewed and considered plaintiff's submissions, hereby renders the following ruling.

### BRIEF BACKGROUND

Plaintiff brings suit in this court in conjunction with state court proceedings concerning his minor daughter's custody and visitation orders. Plaintiff asserts that, after the death of plaintiff's ex-wife, the mother of plaintiff's daughter, defendant Honorable David S. Young of the Third Judicial District Court awarded plaintiff full custody of his daughter, granted her maternal grandparents court-ordered visitation rights, and ordered plaintiff "to participate in evaluation reviews with a court appointed [psychologist] to determine the best interest of the child." Complaint, p. 3.

Plaintiff appealed these rulings to the Utah Supreme Court, and his appeal was designated to be addressed by the Utah Court of Appeals. The Utah Court of Appeals then affirmed the rulings of the state court.

Plaintiff initially attempted to comply with the scheduled visitation, but then, unilaterally, and allegedly "due to problems and stress both to plaintiff and his daughter," plaintiff "limited" his daughter's visits with her grandparents. Complaint, pp. 3–4. Plaintiff alleges that his daughter's maternal grandmother "has pursued fixed, un-chaperoned and constant visitation" and "has continued to file motions to exercise alleged grandparental rights to forced visitation." Complaint, pp. 3–4. Subsequently, defendant Honorable Michael K. Burton of the Third Judicial District Court granted the grandmother's motions and permitted visitation by the grandfather, who was not a party to the motions, as well.

Plaintiff now brings a civil rights suit, pursuant to 42 U.S.C. §§ 1983 and 1985, against Judges Young and Burton and the State of Utah, stemming from the proceedings in state court. Plaintiff basically argues that Utah law and the defendant judges who have enforced it in Utah's state courts have deprived him of his fundamental constitutional rights as a parent to exercise proper judgment and discretion in determining how to care for his child and what is in her best interests. In an affidavit, plaintiff states he is fearful of his daughter's visiting her grandparents because he believes they are dishonest, untrustworthy, constitute a disruption in his relationship with his daughter, and may flee with the child to whereabouts unknown. Plaintiff further contends that, despite the fact that he argued these same constitutional issues before the state district court and the Utah Court of Appeals, his rights continue to be violated.

Included among plaintiff's documents filed in this court is a copy of an Order to Show Cause and a copy of a Notice of Motion for Sanctions which indicates a hearing is scheduled in state court January 9, 2003. Plaintiff argues this court should issue a temporary restraining order preventing the state court from enforcing the prior court-ordered visitation by the grandparents until his suit in this court can be resolved.

## DISCUSSION

■ Through application of *the Rooker–Feldman Doctrine*, the court concludes it may not consider plaintiff's claims due to a lack of subject matter jurisdiction. In *Kenmen Engineering v. City of Union*, 314 F.3d 468 (10th Cir.2002), issued within the last month, the Tenth Circuit explained this doctrine:

[T]he *Rooker–Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, ... and claims inextricably intertwined with a prior state-court judgment.... In other words, *Rooker–Feldman* precludes a party losing in state court ... from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Kenmen Eng'g*, 314 F.3d at 472–73. *The Rooker–Feldman Doctrine* applies to *all* state court judgments, regardless whether the judgment is entered by an intermediate court or the case has been appealed to the highest court in the state. *See id.* at 473–74; *see Facio v. Jones*, 929 F.2d 541, 542–43 (10th Cir.1991); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir.1986).

Of particular interest is *Anderson v. Colorado*, 793 F.2d 262, 263–64 (10th Cir. 1986). Like plaintiff, Mr. Anderson brought a Section 1983 claim against the State of Colorado and the judges of the First Judicial District Court of Colorado arising from alleged discriminatory practices by the Colorado courts in child custody disputes. In dismissing the case, the district court stated:

It is not possible for this court to grant [the requested] relief without disrupting the judicial process of the Colorado courts. The defendants could not voluntarily accept a declaration from this court concluding that their decisions are void. The judicial action attacked in this case was taken in adversary proceedings and within the scope of the color of authority granted to the defendants. If there is error of constitutional moment, the remedy is through the Colorado appellate procedure and, ultimately, a review by the United States Supreme Court.

*Anderson*, 793 F.2d at 263. On appeal, the Tenth Circuit affirmed, noting that the lawsuit "essentially seeks to undo the custody decision of the Colorado state court." *Id.* at 264. The appellate court stated: "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Id.* at 263. Mr. Anderson's recourse was to exhaust all appeals in the Colorado state court system, then file a petition for *certiorari* to the United States Supreme Court. Other custody-related cases in this circuit echo *Anderson.*[1]

1. *See, e.g., Schwartz v. Wakefield*, No. 95-1008, 1996 WL 108521 (10th Cir. Mar.1, 1996); *Jenkins v. Maqueen*, No. 94-4072-DES, 1995 WL 405282 (D.Kan. June 7, 1995); *Gragg v. Nebraska*, No. 93-4191-SAC, 1994 WL 262690 (D.Kan. May 17, 1994); *Dickerson v. Curtis*, 661 F.Supp. 1084 (D.Colo. 1987).

Plaintiff has made the arguments he now brings in the instant case before the Utah district court and the Utah Court of Appeals. Thus, he has had a full and fair opportunity to raise all of his custody and visitation issues as well as his constitutional arguments. Plaintiff can neither start anew by rehashing the same issues in this court nor use the present case to block the Utah courts from enforcing their own fully-litigated orders and judgments. Plaintiff's recourse is to file a petition for *certiorari* to the United States Supreme Court. Accordingly, plaintiff's Motion for a Temporary Restraining Order is DENIED.[2] This case is dismissed in its entirety with prejudice.

---

**2.** Although the court need not address other arguments which foreclose a temporary restraining order in this case, the denial of the order is supported by additional grounds. Judges Young and Burton are not subject to injunctive relief for actions taken within their judicial roles unless "a declaratory decree was violated or declaratory relief [is] unavailable." 42 U.S.C. § 1983. Nothing in the record suggests that such are the circumstances here. Moreover, the State of Utah is not a "person" for purposes of Section 1983, pursuant to the Eleventh Amendment, regardless of the relief sought, unless the state consents to suit, waives its immunity, or its immunity is overridden by Congress.