ORDER AND JUDGMENT*
PAUL J. KELLY, JR., Circuit Judge.
Plaintiff-Appellant, Teton Millwork Sales (“TMS”), appeals from the district court’s order granting Defendant-Appellee Roger Schlossberg’s motion to dismiss the action based upon absolute judicial immunity and lack of personal jurisdiction. As Mr. Schlossberg now consents to personal jurisdiction, Aplee. Br. at 1, the issue on appeal is whether the district court properly dismissed the claim pursuant to Fed. R.Civ.P. 12(b)(6) by determining that Mr. Schlossberg enjoys absolute judicial immunity as a court-appointed receiver for his actions in collecting the assets of TMS. Our jurisdiction arises under 28 U.S.C. § 1291. We reverse and remand.

Background

The present case arises from contentious divorce proceedings in a West Virginia Family Court, in which Mary Palencar sought and secured a divorce from her husband, Michael Palencar. During the divorce proceedings, the court appointed Mr. Schlossberg as receiver to collect assets in which Mr. Palencar held an ownership interest so that they would be avail *147 able to satisfy the court’s orders. In an order issued January 14, 2004, the court stated that Mr. Schlossberg was
vested with actual legal and equitable title to and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of all of the assets of the Respondent Michael Palencar (whether held by the said Respondent, either alone or jointly with any other person or entity, in his own name or in the name of any alias ... or in the name of any other entity, including ... Teton Millwork Sales).
Aplt.App. 69. In order to give Mr. Schlossberg the powers necessary to carry out his receivership, the West Virginia court expressly contemplated that he would act outside the state of West Virginia. Therefore, the court “authorized and directed” Mr. Schlossberg to “take such action as may appear necessary or desirable to obtain ancillary jurisdiction of these proceedings in such other States ... as may appear appropriate.” ApltApp. 70-71.
Apparently, Mr. Schlossberg then proceeded to use this authority to seize the assets of TMS, a corporation in which Mr. Palencar was a twenty-five percent shareholder. Once TMS learned that its assets had been seized, it brought suit in Wyoming state court, asserting that Mr. Schlossberg committed abuse of process and fraud. ApltApp. 1-10. TMS alleged that Mr. Schlossberg exceeded his authority by seizing TMS’s assets in Wyoming, as well as its proprietary information and mail, even though he knew that Mr. Palen-car was only a twenty-five percent shareholder in TMS and that there was no evidence to justify piercing the corporate veil of TMS. ApltApp. 2 ¶ 21; 4 ¶¶ 88, 40-41, 44. TMS’s complaint also alleged that Mr. Schlossberg falsely represented to various third parties that he had legal authority to seize TMS’s assets in Wyoming, while intentionally failing to mention that he was required to but had not obtained ancillary jurisdiction in Wyoming. Aplt.App. 8 ¶¶ 78, 84, 86. According to the complaint, Mr. Schlossberg never obtained ancillary jurisdiction in Wyoming by securing a Wyoming court order prior to making these seizures. ApltApp. 5 ¶¶ 47, 49, 51, 54. TMS also alleged that Mr. Schloss-berg threatened TMS’s agents with financial penalties if they accepted instructions from TMS and provided them with incomplete and misleading documents relating to his legal authority to seize TMS’s assets. ApltApp. 8 ¶ 79; 9 ¶¶ 88-89.
After removing the case to federal district court, Mr. Schlossberg filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1), (2), (3), and (6). The district court granted the motion under Fed.R.Civ.P. 12(b)(2) and (6), concluding that it lacked personal jurisdiction over Mr. Schlossberg and that TMS failed to state a claim because Mr. Schlossberg enjoyed absolute immunity as a court-appointed receiver.[1] ApltApp. 166. TMS appeals this decision. However, Mr. Schlossberg now consents to personal jurisdiction, see United States v. Vreeken, 803 F.2d 1085, 1089 (10th Cir.1986), so we review only the Fed.R.Civ.P. 12(b)(6) grounds for dismissal.

Discussion

I. The Barton Doctrine
As an initial matter, we note that we have subject matter jurisdiction even *148 though this case was brought against a court-appointed receiver without the appointing court’s permission because TMS alleges that the receiver wrongfully took possession of property belonging to another. Under the Supreme Court’s decision in Barton v. Barbour, “[i]t is a general rule that before suit is brought against a receiver leave of the court by which [the receiver] was appointed must be obtained.” 104 U.S. 126, 128, 26 L.Ed. 672 (1881). However, Barton also makes it clear that “if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting ultra vires.” Id. at 134 This case falls squarely within this ultra vires exception to the Barton doctrine because TMS is alleging that Mr. Schlossberg wrongfully seized its assets rather than the assets of Mr. Palencar; accordingly, we have subject matter jurisdiction.
The dissent disagrees, pointing to the language in Barton distinguishing “claims aris[ing] against the receiver as such, whilst acting under the powers conferred on him, whether for labor performed ... or for injury to persons or property” from claims against the receiver for “tak[ing] possession of property belonging to another” that are exempted under the ultra vires exception. Id. The dissent argues that this case falls within the first of these two classes of cases — and is therefore subject to the Barton doctrine — because Mr. Schlossberg was acting within the scope of his authority. In reaching the conclusion that Mr. Schlossberg acted within his authority, the dissent merely looks to the fact that the West Virginia court had issued a valid order granting Mr. Schloss-berg extensive authority. However, simply looking at the facial validity of the order to seize Mr. Palencar’s assets does not adequately deal with the fact, as fully discussed below, that TMS “allege[d] at the outset facts demonstrating,” In re Lowenbraun, 453 F.3d 314, 322 (6th Cir.2006), that Mr. Schlossberg acted beyond the scope of his authority by wrongfully seizing assets that did not belong to Palencar. See In re Triple S Restaurants, Inc., 519 F.3d 575, 578 (6th Cir.2008) (stating that Barton would not apply if the trustee acted “outside the scope of his authority”).
This case is distinguishable from the cases cited by the dissent because none of them involved an outside party who claimed that their assets had wrongfully been seized. See id. at 578 (involving a suit by the general counsel of a debtor corporation against the trustee for outrage and intentional infliction of emotional distress); In re Lowenbraun, 453 F.3d at 316 (involving a suit by one of the parties to a divorce proceeding against the trustee for libel, slander, abuse of process, wrongful use of civil proceedings, and outrage); In re Crown Vantage, Inc., 421 F.3d 963, 967-70 (9th Cir.2005) (involving a claim by a party to a settlement agreement against the trustee for violation of the settlement agreement); Muratore v. Darr, 375 F.3d 140, 142-43 (1st Cir.2004) (involving a suit by the owner of a debtor corporation against the trustee for, inter alia, abuse of process and negligence); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir.2000) (involving a suit by a debtor against the trustee for breach of fiduciary duties). Construing the language in Barton regarding “claims arising] against the receiver as such, whilst acting under the powers conferred on him,” 104 U.S. at 134, as broadly as the dissent does — so that it reaches even the claim of an independent third.party whose assets were (allegedly) wrongfully seized — would render Barton’s ultra vires exception null and void. We decline to read one sentence in Barton so *149 broadly as to make the prior sentence meaningless.
II. Motion to Dismiss for Failure to State a Claim
We review de novo a district court’s dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Howard v. Waide, 634 F.3d 1227, 1242-43 (10th Cir.2008). We must accept all well-pleaded factual allegations in the complaint as true and must construe them in the light most favorable to the plaintiff. KT&G Corp. v. Att’y Gen. of Ohio., 535 F.3d 1114, 1133-34 (10th Cir.2008). In reviewing the complaint to determine whether it “state[s] a claim upon which relief can be granted,” Fed.R.Civ.P. 12(b)(6), we must determine whether there are “enough facts to state a claim to relief that is plausible on its face,” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The “[fjactual allegations must be enough to raise a right to relief above the speculative level....” Id. at 1965.
“In reviewing a Rule 12(b)(6) motion to dismiss, our first step is to review the factual allegations that should have been considered by the district court.” Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir.2007). On a Rule 12(b)(6) motion, if “matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.” Fed.R.Civ.P. 12(d). Therefore, if the court considers documents outside the pleadings, the motion to dismiss must generally be converted to a summary judgment motion unless the documents relied upon by the court are referred to in the complaint, are central to the plaintiffs claim, and are not disputed as to their authenticity. Alvarado, 493 F.3d at 1215; Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir.2002). “The failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials.” GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997).
Turning to the application of these standards, we note that the district court could not consider certain materials beyond the complaint for purposes of the Fed.R.Civ.P. 12(b)(6) motion. It could rely upon the undisputedly authentic court orders issued by the West Virginia court which were referred to in and are central to TMS’s complaint. See Aplt.App. 2 ¶ 16; 3 ¶ 30; 4 ¶ 42; 6 ¶¶ 58, 64. However, it could not rely upon the affidavit of Mr. Schlossberg, see Aplt.App. 15-17, or any other extraneous documents in concluding that Mr. Schlossberg did not act beyond the scope of his authority. Because those documents are not central to TMS’s complaint and are not referred to therein, the district court could not rely upon them without granting TMS the opportunity to support its complaint with affidavits and the like. See Alvarado, 493 F.3d at 1215-16; GFF Corp., 130 F.3d at 1384; Fed.R.Civ.P. 12(d), 56(c), 56(e). Regardless of any such reliance,[2] we must address de novo whether the dismissal was warranted solely in light of the complaint and the West Virginia court orders.
It is well established that judges and judicial officials enjoy absolute immu *150 nity from suit for acts performed in their official capacities. Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); T & W Invest. Co. v. Kurtz, 588 F.2d 801, 802 (10th Cir.1978). As a derivative of this judicial immunity, non-judicial “officials charged with the duty of executing a facially valid court order enjoy absolute immunity.” Turney v. O’Toole, 898 F.2d 1470, 1472 (10th Cir.1990) (quoting Valdez v. City & County of Denver, 878 F.2d 1285, 1286 (10th Cir.1989)) (brackets omitted). The Supreme Court and this court have clearly stated that this immunity is extended on the basis of the function being performed. Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Valdez, 878 F.2d at 1287. Accordingly, “quasi-judicial” immunity extends only to non-judicial officers whose “acts [are] intertwined with the judicial process,” Valdez, 878 F.2d at 1287, and whose “duties ha[ve] an integral relationship with the judicial process,” Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir.2000). Thus, a court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge’s orders, T & W Inv. Co., 588 F.2d at 802, because “[enforcing a court order ... is intrinsically associated with a judicial proceeding,” Valdez, 878 F.2d at 1288.
The quasi-judicial immunity of a court-appointed receiver, however, is not limitless. In order to be immune, the receiver must act within the scope of his authority in carrying out a court order. Turney, 898 F.2d at 1474 (stating that “absolute immunity extended only to acts prescribed” by the court order); T & W Inv. Co., 588 F.2d at 802-03 (analyzing whether the receiver was in fact following the orders of the court); see Davis v. Bayless, 70 F.3d 367, 373 (5th Cir.1995) (stating that court-appointed receivers share absolute immunity as long as they act “in good faith and within the scope of the authority granted”); Roland v. Phillips, 19 F.3d 552, 555 (11th Cir.1994) (“Like judges, these officials must be acting within the scope of their authority.”); Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 3 (1st Cir.1976) (stating that absolute immunity extends to a court-appointed receiver who “faithfully and carefully carries out” a court order); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir.1989). Furthermore, because .the “quasi-judicial” immunity of individuals such as court-appointed receivers is a derivative of judicial immunity, there is no immunity if the court or the receiver acts “in the ‘clear absence of all jurisdiction.’ ” Turney, 898 F.2d at 1474 (quoting Stump, 435 U.S. at 357, 98 S.Ct. 1099); see Whitesel, 222 F.3d at 868-69 (concluding that non-judicial officers did not act in clear absence of all jurisdiction); Davis, 70 F.3d at 373 (stating that the judge must not be acting in clear absence of all jurisdiction); Guetschow, 869 F.2d at 1303-04 (inquiring as to whether the court and the receiver acted beyond the scope of their jurisdiction); see also Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir.1989).
The issue in this case, then, is whether the complaint sets forth a claim, plausible on its face, that Mr. Schlossberg is not entitled to absolute immunity. As TMS reminds us, the district court was required to view the facts in its favor. Aplt. Br. at 28; KT & G Corp., 535 F.3d at 1133-34. Given that we also must accept all well-pleaded facts alleged as true, we find that TMS has satisfied this standard. The complaint alleges facts that, on their face, show that Mr. Schlossberg does not enjoy absolute immunity.
First, the complaint alleges that Mr. Schlossberg exceeded the scope of his authority by seizing all of TMS’s assets. According to the complaint, Mr. Schlossberg seized TMS’s assets and mail even though *151 he knew that Mr. Palencar was only a twenty-five percent shareholder in TMS and that there were no grounds to pierce the corporate veil. See ApltApp. 2 ¶ 21; 4 ¶¶ 38, 41, 44. Assuming the truth of these allegations, these facts would establish that Mr. Schlossberg exceeded the scope of his authority, because the West Virginia court order only vested him with the “actual legal and equitable title to and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of all of the assets of ... Michael Palencar.” ApltApp. 69 (emphasis added). While the court order permitted Mr. Schlossberg to collect Mr. Palencar’s assets even if they were held in the name of another entity, including TMS, the court order did not grant Mr. Schlossberg authority to seize assets that did not belong to Mr. Palencar. In fact, the court could not grant such authority if the affected individuals or entities were not parties to the proceeding — and TMS was not party to the Palencars’ divorce proceeding. Aplt.App. 2, ¶¶ 14, 18, 20; see United States v. Bigford, 365 F.3d 859, 864-65 (10th Cir.2004) (“[Judgments rendered by a court lacking jurisdiction are void.”); West v. Capitol Fed. Sav. and Loan Ass’n, 558 F.2d 977, 980 (10th Cir.1977) (“A personal judgment entered without jurisdiction over the person violates due process and is void.”). If Mr. Schlossberg did not simply seek to secure Mr. Palencar’s assets but rather sought to take the assets of TMS absent any colorable evidence to justify piercing the corporate veil of TMS in such a fashion, then he exceeded the scope of his authority by not acting in accordance with the court order and would not enjoy absolute immunity.[3] See Turney, 898 F.2d at 1474; T & W Inv. Co., 588 F.2d at 802-03.
Second, the complaint alleges that Mr. Schlossberg exceeded the scope of his authority by committing fraud. In order to adequately allege fraud, “a party must state with particularity the circumstances constituting fraud.” Fed R. Civ. P. 9(b). TMS did so here. In paragraph 78 of the complaint, TMS alleges that “Schlossberg made the following specific false factual representations,” including assertions that “Schlossberg was in a position of judicial authority over Teton” and that he “was vested with title to all the assets, property, mail and confidential business and corporate information of Teton.” ApltApp. 8 ¶ 78. TMS also alleges that Mr. Schlossberg told TMS’s agents that they were “forbidden from accepting instructions from Teton, and that those agents would be subject to financial penalties should they do so.” Aplt.App. 8 ¶ 79. Furthermore, according to the complaint, Mr. Schlossberg made these statements knowing that they were false and that he had no jurisdiction to exert judicial authority in Wyoming. Aplt.App. 8 ¶ 80, 83. These allegations, accepted as true, are sufficient to survive a motion to dismiss because perpetuating a fraud is not “intrinsically associated with a judicial proceeding.”[4] Valdez, 878 F.2d at 1288.
*152 The foregoing analysis certainly does not resolve the issue of whether Mr. Schlossberg will ultimately enjoy absolute immunity. Because we are reviewing the grant of a motion to dismiss, we need only decide whether the complaint states sufficient facts such that it is plausible that Mr. Schlossberg does not enjoy absolute immunity. While in many cases it may be clear on a motion to dismiss whether absolute immunity applies, in this case that issue must be resolved in further proceedings, once the parties have had the opportunity to develop the facts through discovery. Here, looking solely to permissible materials at the motion to dismiss stage, we conclude that TMS has adequately pleaded that Mr. Schlossberg was not “acting in accordance with and under the protection of a court order.” T & W Invest. Co., 588 F.2d at 802.
We REVERSE and REMAND for further proceedings consistent with this order and judgment.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. The district court recited the standards of review for Fed.R.Civ.P. 12(b)(1) concerning subject matter jurisdiction and 12(b)(6) for failure to state a claim. See Aplt.App. 154. Of course, if the complaint is dismissed for lack of personal jurisdiction, it must be dismissed under Fed.R.Civ.P. 12(b)(2).

. The district court referenced not only the pleadings but also argument at a hearing that is not part of the record in concluding that Mr. Schlossberg was acting cooperatively, within his discretion, and within the terms of the pertinent order. Aplt.App. 127, 161-162.

. After all, unless there is some evidence that TMS was simply Mr. Palencar’s alter ego, then Mr. Schlossberg must respect TMS’s status as a separate entity. Eastridge Dev. Co. v. Halpert Assocs., Inc., 853 F.2d 772, 779 (10th Cir.1988) (" ‘Ordinarily, a corporation is a separate entity distinct from that of individuals comprising it.'" (quoting Amfac Mech. Supply Co. v. Federer, 645 P.2d 73, 77 (Wyo.1982))).

. We acknowledge that the Supreme Court has said that malice or corrupt motive — at least on the part of judges — is insufficient to destroy absolute immunity. See Stump, 435 U.S. at 356, 98 S.Ct. 1099. Here, however, TMS does not merely allege that a bad motive underlies an otherwise permissible act. Rather, TMS alleges that the act itself — the making of fraudulent statements — is not pursuant to a court order. See Guetschow, 869 F.2d at *152 1304-05 (finding a court-appointed receiver to have no absolute immunity where the plaintiff alleged theft).