HIGGINS v. GLENN, Director of Department of Finance and Purchase.

No. 4256.   Decided June 15, 1925.   (237 P. 513.)

1. MANDAMUS—DEMURRER TO PETITION ADMITS ALL FACTS SET FORTH THEREIN. A demurrer to a petition for writ of mandamus admits all facts set forth in petition.

2. STATUTES—PROVISION OF ACT RELATING TO COMPENSATION OF DISTRICT ATTORNEYS FOR SEVENTH JUDICIAL DISTRICT, IF INVALID, HELD NOT TO AFFECT RIGHTS OF OTHER DISTRICT ATTORNEYS. Conceding that Laws 1923, c. 62, amending Comp. Laws 1917, § 5075, allowing district attorney of Seventh judicial district his actual lodging and sustenance expenses while on duty within his district, is class legislation or in conflict with Const. art. 1, § 24, and article 6, § 26, it would be of no assistance to district attorney of Fifth judicial district since, by eliminating such portions, remainder of statute is complete and valid and clearly severable.[1]

[1] *City of Eureka v. Wilson*, 15 Utah, 67, 48 P. 15; *State* v. *Beddo*, 22 Utah, 432, 63 P. 96.

Mandamus

3. STATUTES—PROVISO OF STATUTE COMPLETE IN ITSELF, IF INVALID, SEVERABLE FROM REMAINDER, WHICH WOULD NOT BE AFFECTED THEREBY. Conceding that second proviso of Laws 1923, c. 62, amending Comp. Laws 1917, § 5075, is invalid, where provisions thereof are in no way dependent on preceding part of such section and injected independent subject into amendment, such proviso is clearly severable from first part of the section and would not render entire section invalid.

4. OFFICERS—ACT INCREASING OR DECREASING "SALARY" OR "COMPENSATION" OF INCUMBENT DISTRICT ATTORNEY, INVALID. Any attempt by Laws 1923, c. 62, amending Comp. Laws 1917, § 5075, to increase or decrease expenses to be allowed district attorneys, whose office was created by section 5772, Comp. Laws 1917, would of necessity result in affecting their salaries or compensation, and, in so far as that it affects an incumbent at time of its enactment, it would be violative of Const. art. 7, § 20, as terms "salary" and "compensation" are used synonymously and interchangeably [2] (citing Words and Phrases, First Series, "Salary").

5. DISTRICT AND PROSECUTING ATTORNEYS—STATUTE INCREASING EXPENSE ALLOWANCES TO DISTRICT ATTORNEYS, HELD NOT CONTROLLING AS TO THOSE HOLDING OFFICE AT TIME OF ITS ENACTMENT. The provisions of Laws 1923, c. 62, amending Comp. Laws 1917, § 5075, are not applicable to nor controlling of mileage and other expenses incurred by district attorneys who were in office at time of its enactment.

Application for writ of mandate by William B. Higgins, directed to John H. Glenn, Director of the Department of Finance and Purchase of the State.

Alternative writ issued VACATED, and peremptory writ DENIED.

*William B. Higgins*, of Fillmore, for plaintiff.

[2] *Marioneaux* v. *Cutler*, 32 Utah, 475, 91 P. 355.
Headnote 1.　38 C. J. p. 903.
Headnote 2.　36 Cyc. p. 976.
Headnote 3.　36 Cyc. p. 976.
Headnote 4.　29 Cyc. p. 1429.
Headnote 5.　18 C. J. p. 1327.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for defendant.

GIDEON, C. J.

William B. Higgins, herein designated plaintiff, applied to this court for a writ of mandate directed to John H. Glenn as director of the department of finance and purchase of the state of Utah. The object sought by the writ is to compel the director to examine and approve a claim for certain amounts totaling $292.90 expended by plaintiff for necessary lodging and sustenance while absent from his place of residence and within his district in the performance of his official duties as district attorney in and for the Fifth judicial district of the state.

An alternative writ was issued directing the defendant to examine and approve the claim or to show cause before this court on a date named why he should not so examine and approve such claim. In response to that alternative writ, defendant appeared by the Attorney General of the State and interposed a general demurrer to the affidavit or petition of plaintiff, alleging as ground for demurrer that the affidavit does not state facts sufficient to entitle plaintiff to any relief. Upon that state of the record the matter has been argued and submitted for decision.

The demurrer admits all of the facts set forth in the affidavit.

It appears that plaintiff was the duly elected, qualified, and acting district attorney in and for the Fifth judicial district of the state of Utah from the first Monday of January, 1921, to the first Monday of January, 1925. It is stated in the affidavit that affiant, plaintiff, believes that he is legally entitled to be reimbursed by the state for the amount actually and necessarily expended by him, not exceeding $4 per day, in payment for necessary lodging and sustenance from March 12, 1923, to the expiration of the term of his office, January 1, 1925, while traveling within his district but away from his place of residence in the dis-

charge of his duties as such officer by reason of and under the provisions of Comp. Laws Utah 1917, § 5076. It is further stated in the affidavit that on February 16, 1925, affiant presented his claim to the defendant, duly verified and accompanied with proper vouchers, for the amount so actually and necessarily expended by him, for such lodging and sustenance. The director disapproved the claim.

Chapter 127, Laws Utah 1921, creates the department of finance and purchase and provides for the appointment of a director of said department. It is therein made the duty of such director to examine and approve or disapprove claims against the state, subject to the order of the board of examiners.

In the determination of plaintiff's rights it is necessary to consider certain provisions of our state Constitution, and also acts of the state Legislature.

The office of district attorney was created by chapter 56, Laws Utah 1899. Section 13, of that chapter, so far as material here, is as follows:

"District attorneys shall be deemed to be state officers and their salaries and such expenses as are provided herein shall be paid by the state in the manner prescribed for the payment of judges of the district court and they shall receive the same mileage as is provided for such judges, and their salaries shall be as hereinafter provided, which they shall take in the lieu of all other compensation."

That section as originally enacted has never been repealed or amended. It is now section 5772 of the Compiled Laws Utah 1917.

The Legislature of 1901 enacted what is now section 5075 of the last-named compilation. So far as material here, that section reads:

"* * * District attorneys shall receive mileage at the rate of five cents per mile, when traveling on the line of any railroad, and fifteen cents per mile when traveling off or away from the line of any railroad, for each mile actually and necessarily traveled in the performance of their official duties."

In 1923 the Legislature, by chapter 62, Laws Utah 1923, amended section 5075 to read as follows:

"District attorneys and assistant district attorneys shall receive, in addition to their salaries, the necessary expenses for lodging and subsistence actually paid, not exceeding four dollars per day, and their actual and necessary traveling expenses, while absent from the district for which they are elected or appointed and while necessarily employed upon official business; provided they shall receive actual traveling expenses while on duty within their districts; and provided further, the district attorney in the Seventh judicial district shall receive his actual lodging and subsistence expense while on duty within his district and while absent from the city or town in which he resides. Such expenses shall be paid quarterly and the state auditor shall draw his warrant on the state treasurer at the end of each quarter for the amount of such actual and necessary expenses so incurred."

Section 5075, supra, before its amendment, was in force and was the law of the state respecting the mileage to which district attorneys were entitled on the date of plaintiff's election and qualification to office. The items of expense involved in this controversy are for hotel accommodations and board necessarily incurred and actually paid by plaintiff while on duty within his district but away from the city of his residence. Plaintiff has received from the state his actual traveling expenses as provided for in section 5075 as amended in 1923.

It seems to be the contention of plaintiff that the second proviso in the section, as amended, allowing the district attorney of the Seventh judicial district his actual lodging and subsistence expense while on duty within his district and away from the city or town in which he resides, is unconstitutional, in that it is class legislation; also, that it is prohibited by article 1, § 24, of the Utah Constitution, which section is "all laws of a general nature shall have uniform operation," also by section 26 of article 6, which provides that "in all cases where a general law can be applicable, no special law shall be enacted." Conceding without deciding that the proviso referred to is class legislation, or that it is in conflict with the provisions of our Constitution referred to, we fail to see what right of the plaintiff is affected or can be affected by that proviso. A casual examination of section 5075 as amended will disclose that by eliminat-

ing said proviso the remainder of the act is, in and of itself, complete and is clearly severable from the proviso. Should it be determined that the proviso offends against the Constitution, the remainder of the act should be upheld as valid and operative. *City of Eureka* v. *Wilson*, 15 Utah, 67, 48 P. 15; *State* v. *Beddo*, 22 Utah, 432, 63 P. 96.

There are additional reasons why the entire section should not be held to be controlled or affected by the proviso and why the same is and should be clearly severable from the first part of the section. The provisions of the proviso are in no way dependent upon the preceding part of **3** the section; that is, the proviso contains every element relating to the particular subject sought to be affected by it. The preceding part of the section is an amendment to an existing statute. The proviso was no part of the original section, and was therefore an independent subject injected into the amendment not found in the original section.

Fixing by law salaries of state officers, including allowance for necessary expenses incurred while engaged in the performance of their official duties, is concededly a subject exclusively within the constitutional power of the Legislature. Any legislative enactment granting mileage or other items of expense to the incumbent of a public office must of necessity be evidence of the legislative intent that such mileage or expense shall be a part of the compensation for the services to be rendered by such officer. Any legislation essaying to grant a greater or lesser amount for mileage or expense to become effective after the election or appointment of one to office and during the term of such office must of necessity have a direct bearing upon the compensation to which such officer is entitled. If a greater amount is allowed, it adds that much to the compensation, and if the amount is decreased, it to that extent diminishes the compensation. It is evident from section 13 of the act creating the office of district attorney, enacted in 1899 and quoted above, that the legislative intent was to include as a part of the compensation to be paid district attorneys the same mileage as was then by the state paid to district judges. No legislation was had

evidencing a contrary intent until the enactment of chapter 62, Laws Utah 1923, also quoted herein. Section 5075, supra, as it was before its amendment in 1923, was in force at the date of election and qualification of plaintiff as district attorney. That section unambiguously fixed the mileage to which plaintiff was entitled. The act of 1923 attempts to and does provide, for certain items of expense to be allowed district attorneys to wit, actual traveling expenses while in the discharge of their duties within their respective districts and additional expenses for lodging ·and subsistence while in the discharge of their duties outside of their districts. In other words, it provides for compensation other than and distinct from the compensation fixed by the statute in force at the time of the election and qualification to office of plaintiff herein. The terms ''salary'' and ''compensation'' appear to be synonymous and used interchangeably in our state Constitution. It is not necessary for us to here pause and refer to the several articles and sections of that document wherein they are so used. That those words are used synonymously and interchangeably in the Constitution is the effect of the holding of this court in *Marioneaux* v. *Cutler*, 32 Utah, 475, 91 P. 355. In fact, it may be said that by reason of the opinion in that case it has been judicially determined in this state that those terms were so used in the Constitution.

The following language of this court, speaking through Mr. Justice Frick in the *Marioneaux Case*, is pertinent. It is also applicable and enlightening as bearing upon the questions involved in the instant case. We take the liberty of quoting from that opinion:

"By reference to 7 Words ˙& Phrases [First Series] page 6287 et seq., under the title 'Salary,' it will be seen that the term 'salary' may be and is variously applied. It is usually used as designating recompense, reward, or compensation for services rendered. Mileage may become a part of compensation. If the mileage allowance is limited to the amount actually expended in traveling, then it cannot, of course, add anything to the income of the recipient of the salary. But, if the mileage is not so limited, as where a certain amount is allowed for each mile traveled and this amount

exceeds the actual mileage charged, then the balance above such charge becomes a part of the official income or compensation the same as though it were a part of the salary. As a concrete proposition, it is not controlling that such accretions to official compensation are not designated as salary. It is not unusual, as is generally known, to allow large mileage to eke out the compensation of officers. It can make no difference in principle, however, whether the mileage allowance be much or little above the actual charge, so long as it is not limited to the actual cost of mileage, but is fixed by a round sum per mile. In such event the portion of unexpended mileage may be added to the compensation, and hence may be intended as a part of the compensation."

See, also, *Power* v. *Board of County Com'rs Choteau County,* 7 Mont. 82, 14 P. 658.

Section 20 of article 7 of the state Constitution, so far as material here, is as follows:

"The Governor, * * * and such other state and district officers as may be provided for by law, shall receive for their services quarterly, a compensation as fixed by law, which shall not be diminished or increased so as to affect the salary of any officer during his term. * * * The compensation for said officers as prescribed in this section, and in all laws enacted pursuant to this Constitution, shall be in full for all services rendered by said officers, respectively, in any official capacity or employment during their respective terms of office. * * * The Legislature may provide for the payment of actual and necessary expenses of said officers while traveling in the state in the performance of official duty."

We have attempted to point out that any attempt on the part of the Legislature to change the mileage allowed public officers, or to increase or decrease other items of expense to be allowed, must of necessity result in affecting, either by increasing or decreasing, their salaries or compensation. Any act of the Legislature which has that result in so far as such act affects an incumbent of office regularly elected or appointed at the time of its enactment falls within this inhibition of the Constitution and is not applicable to such incumbent during the term for which he was elected, or appointed.

Plaintiff admits that he has received from the state his actual traveling expenses incurred while performing official duties within his district and away from his place of residence under the provisions of chapter 62, Laws Utah 1923.

If that act is applicable and plaintiff's rights are to be determined by its provisions, then he is clearly not entitled to the writ now sought. There is no ambiguity in the act· of 1923 as to what allowance in addition to salary plaintiff is entitled as district attorney. We are, however, clearly of the opinion that the provisions of the act of the Legislature of 1923 are not applicable to nor controlling of the mileage and other expenses incurred by district attorneys during the term for which they were in office at the time of the enactment of such legislation. In other words, the mileage provided for in section 5075, Comp. Laws Utah 1917, before the same was amended, controlled the allowance to which the plaintiff as district attorney is entitled, and he and other district attorneys who were holding office at the time of the amendment of 1923 are not controlled or affected by that act. It does not appear, and in the nature of things could not have been made to appear, in this proceeding, whether the amount paid plaintiff by the state for his actual traveling expenses is greater or less than the amount to which he was entitled under Comp. Laws Utah 1917, § 5075, before the same was last amended by the Legislature.

The alternative writ of mandate issued is vacated and set aside, and the peremptory writ applied for denied.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.