## JOHNSON v. BANKHEAD.

No. 7657.   Decided June 6, 1951.   (232 P. 2d 372.)

See 27 C. J. S., District and Prosecuting Attorneys, sec. 22. Delegation of powers in general. 11 Am. Jur., Constitutional Law, secs. 214 et seq.

*A. Pharis Johnson,* Tooele, for appellant.

*Clinton D. Vernon,* Atty. Gen., *Q. L. R. Alston,* Asst. Atty. Gen., for respondent.

PER CURIAM.

The plaintiff, appellant here, is now and since the first of 1947 has been, the County Attorney of Tooele County a class 2 county. Section 19-13-14, U. C. A. 1943, as amended by chapter 34, Laws of Utah 1945, provides that the

"annual salaries of the officers of all counties in the state shall be fixed by the respective boards of county commissioners at not to exceed the following maximum amounts;".

The maximum yearly salary for the county attorney of a Class 3 county is fixed at $1800.00, and under that section the board of county commissioners fixed plaintiff's salary at $1800.00 per year. On April 2, 1946, Tooele County became a county of the 2nd Class but the county commissioners left the salary at $1800.00 per year and have never increased it. Plaintiff seeks by this action a declaration that he is entitled to $3500.00 yearly salary. He contends that the above quoted section indicates the legislature intended to fix the salaries of county attorneys for Class 2 counties at $3500.00 regardless of any action taken by the board of county commissioners, and that the constitution requires that the salaries of county attorneys be fixed by the legislature at a definite sum without delegating power to fix such salaries to such board.

There is no ambiguity or uncertainty in the language of Section 19-13-14 above quoted. It expressly fixes only the maximum within which the board of commissioners are limited in fixing the salary and expressly places on such boards the duty to fix such salary within such limits. This statute is clearly not susceptible of the construction contended for by plaintiff that the legislature intended to fix a definite salary for all county

attorneys for counties of the same class, so plaintiff cannot succeed on that ground. This being true, plaintiff could not succeed even though he were correct in his contention that the constitution prohibits the legislature from delegating this power to the board of commissioners or prohibits a different salary for different county attorneys within the same class. For here the legislature did not fix the salary for all within the same class but merely fixed a maximum above which the commissioners could not .go. So if plaintiff were correct under his constiutional claims, then we would have the situation where the legislature was required to fix the salary but had failed to do so. Under such circumstances, we cannot hold that it did fix the salary at the maximum amount.

However, the constitutional questions must also be resolved against plaintiff. Clearly the requirements of our state constitution, Article I, Section 24, and Article 6, Section 26, prohibiting special laws, are not violated because there are sufficient differences between the duties required to be performed by the various county attorneys of class 2 counties to justify a greater salary in some than in others. Nor is this procedure prohibited as an unlawful delegation of legislative power under Article V, Section 1 of the constitution. It is generally held that salaries may be fixed by various departments in the absence of an express constitutional provision to the contrary. We have no such constitutional provision. Article 21, Section 1, requires that certain officers shall be paid fixed and definite salaries, but makes no provision as to how such salaries shall be fixed. Although he cites no constitutional provision to that effect, plaintiff claims that the salaries of state officers must be fixed by the legislature. *Higgins* v. *Glenn*, 65 Utah 406, 237 P. 513. He seems to argue that since the county attorney represents the state in certain cases he is, therefore, a state officer and therefore his salary must be fixed by the legislature. But the fact that the county attorney represents the state in certain

cases does not make him a state officer. The cases from Arizona and California holding that the legislature must fix the salaries of county officers are under a constitutional provision which expressly so provides, and so are not in point under our constitution which has no such provision.

Judgment of the trial court is affirmed.