942 F.2d 1498
 21 Fed.R.Serv.3d 607, Bankr. L. Rep. P 74,214
 Ronald W. GREGORY, Dorothy L. Gregory, Ronald W. Gregory,
Jr., and Gregory Estate, Plaintiffs-Appellants,
v.
UNITED STATES/UNITED STATES BANKRUPTCY COURT for the
DISTRICT of COLORADO, Jointly, Hon. Charles E. Matheson,
Hon. Patricia A. Clark, Hon. Sidney Brooks, Ross J. Wabeke,
Interim Trustee, United States District Court for the
District of Colorado, Hon. Sherman G. Finesilver, Jointly
and Individually, Defendants-Appellees.
 No. 91-1011.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1991.
 
 Ronald W. Gregory, Dorothy L. Gregory & Ronald W. Gregory, Jr., pro se.
 Michael J. Norton, U.S. Atty., and William J. Pharo, Asst. U.S. Atty., Denver, Colo., for defendants-appellees U.S., U.S. Bankruptcy Court for the Dist. of Colorado, Hon. Charles E. Matheson, Hon. Patricia A. Clark, Hon. Sidney B. Brooks, U.S. Dist. Court for the Dist. of Colorado & Hon. Sherman G. Finesilver.
 Michael S. McCarthy and Russell O. Stewart, Faegre & Benson, Denver, Colo., for defendant-appellee Ross J. Wabeke.
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs-appellants appeal from the district court's order granting judgment in favor of the defendants and dismissing their complaint with prejudice. Plaintiffs Ronald W. Gregory and Dorothy L. Gregory are debtors in an underlying bankruptcy. Plaintiff Ronald W. Gregory, Jr. was involved in business ventures with the debtors. This action has its genesis in plaintiffs' dissatisfaction with bankruptcy and related proceedings. In the main, plaintiffs sought damages against the defendants, alleging a myriad of federal constitutional and state law claims. They also sought a stay of all bankruptcy proceedings pending consideration of this case. Finally, they asked that the bankruptcy code be declared unconstitutional. All defendants filed motions to dismiss. See Fed.R.Civ.P. 12(b).
 
 
 2
 Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), the district court first dismissed the judicial defendants (Judge Finesilver and Bankruptcy Judges Matheson, Clark and Brooks) based on absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978). Then the district court dismissed the governmental defendants (United States, federal district and bankruptcy courts) based on sovereign immunity. See United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Finally, relying on Fed.R.Civ.P. 12(b)(5), the district court dismissed the defendant bankruptcy trustee (Mr. Wabeke) because plaintiffs attempted to serve the summons and complaint by leaving a copy with a secretary at the trustee's law firm. See Fed.R.Civ.P. 4(d)(1); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987); Pollack v. Meese, 737 F.Supp. 663, 666-67 (D.D.C.1990). All dismissals were with prejudice.
 
 
 3
 Liberal construction is accorded the pro se pleadings in this case. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). In reviewing a district court's decision on a motion to dismiss for failure to state a claim, the allegations of the complaint are accepted as true and dismissal of the complaint is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Applying these standards, the district court's dismissal of the complaint, insofar as it seeks money damages, against the judicial and governmental defendants is affirmed based on absolute judicial and sovereign immunity. Although plaintiffs also sought to have the entire bankruptcy code declared unconstitutional, the complaint lacks any legal or factual specificity which would allow us reasonably to read the pleadings as stating a recognized claim, despite the plaintiffs' nonlawyer status. See Hall, 935 F.2d at 1109-10. Thus, insofar as the complaint seeks declaratory and injunctive relief, the dismissal of the complaint is affirmed.
 
 
 4
 The district court's dismissal with prejudice of the trustee is slightly more complex. The general rule is that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., 711 F.2d 949, 950 n. 2 (10th Cir.1983). In this case, proper service of process would be futile, however, because, after stripping the complaint of its many unsupported legal conclusions, see Hall, 935 F.2d at 1110, plaintiffs seek to hold the trustee liable for executing the bankruptcy court's orders concerning collection and disposition of estate property. For example, plaintiffs seek to recover on claims that the trustee, in the course of regular bankruptcy proceedings, obtained and executed bankruptcy court orders authorizing the sale of mining property and declaring a mining bond the property of the estate.
 
 
 5
 In T & W Inv. Co. v. Kurtz, 588 F.2d 801 (10th Cir.1978), we held that a state court receiver following the orders of a state district court judge was absolutely immune from civil liability on civil rights claims concerning the application and disposition of receivership assets. Id. at 802-03. Like the plaintiff in T & W, the plaintiffs in this case had opportunity and did object throughout the underlying proceedings. The debtors have appealed virtually every order of the bankruptcy court, including the order converting the case from chapter eleven to chapter seven bankruptcy and orders allowing the sale of real property and equipment. This case is indistinguishable from T & W which we have followed in granting absolute immunity to those executing facially valid judicial orders.[1] See Turney v. O'Toole, 898 F.2d 1470, 1472-74 (10th Cir.1990); Valdez v. City & County of Denver, 878 F.2d 1285, 1287-88 (10th Cir.1989). Thus, it "appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief" and the district court's dismissal of the trustee with prejudice should be upheld. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).
 
 
 6
 We recognize that this issue had not yet been raised below because the trustee sought a Rule 12(b)(5) dismissal which the district court granted. Still, sua sponte invocation of Rule 12(b)(6) on appeal may be appropriate in those rare instances in which a plaintiff cannot recover on the complaint because of a dispositive issue of law, see Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989), and amendment would be for naught.
 
 
 7
 Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and an opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."
 
 
 8
 Hall, 935 F.2d at 1109-10 (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991) which quoted Baker v. Director, United States Parole Comm'n, 916 F.2d 725 (D.C.Cir.1990 (per curiam) and cited Huxall v. First State Bank, 842 F.2d 249, 240 n. 2 (10th Cir.1988)). Appellate courts are not "required ... to remand in futility," Thornburgh v. American College of Obstetricians & Gynecologists, 476 U.S. 747, 756-57 n. 7, 106 S.Ct. 2169, 2176-77 n. 7, 90 L.Ed.2d 779 (1986); thus, we also affirm the district court's judgment dismissing the complaint against the trustee with prejudice.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 Although the scope of absolute immunity for private lawyers is narrow and generally confined to defamation claims, see Burns v. Reed, --- U.S. ----, 111 S.Ct. 1934, 1941, 114 L.Ed.2d 547 (1991); Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1371-1372 (10th Cir.1991), absolute quasijudicial immunity for a lawyer serving as a trustee and merely executing the bankruptcy judge's orders concerning the collection and disposition of estate property is essential for the efficient functioning of the bankruptcy court. As we observed in Valdez:
 Tension between trial judges and those officials responsible for enforcing their orders inevitably would result were there not absolute immunity for both. Kurtz, 588 F.2d at 802. Officials employed to implement facially valid court orders could choose: They may disregard the judge's orders and face discharge, or worse yet, criminal contempt, or they may fulfill their duty and risk being haled into court.
 78 F.2d at 1289. The trustee should not be forced to defend in another forum for merely executing the bankruptcy judge's orders.