**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1727
_____

LAN TU TRINH,
                            Appellant

v.


DAVID FINEMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02305)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2021

Before: GREENAWAY, JR., KRAUSE, and BIBAS, Circuit
Judges

(Opinion filed: August 16, 2021)

Lan Tu Trinh
775 Mustin Lane
Villanova, PA 19085
        Pro se

Andrew A. Chirls, Esq.
Fineman Krekstein & Harris
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103
        Counsel for David Fineman (on the brief)

Eugene J. Maginnis, Jr., Esq.
Dugan Brinkmann Maginnis & Pace
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
        Counsel for David Fineman

_____

OPINION OF THE COURT
_____

KRAUSE, Circuit Judge.

Lan Tu Trinh appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed her complaint on the ground that the defendant, a court-appointed receiver, is immune from suit. We will affirm, joining our sister courts in holding that court-appointed receivers are entitled to absolute, quasi-judicial immunity from suit when they act with the authority of the court.

2

## I.    Factual and Procedural Background

This case comes before us for the second time. Originally, Trinh filed a complaint in the District Court against David Fineman, who had been appointed by the Court of Common Pleas of Philadelphia County as a receiver in a case involving the dissolution of Trinh's beauty school. Her complaint alleged that Fineman did not give her a proper accounting of the escrow account related to that case and accused him of "the theft of [her] properties on behalf of the Court of Common Pleas for Kathleen Trinh's [her sister's] benefit." Compl. at *3, D.C. Dkt. No. 1. The District Court sua sponte dismissed the complaint for lack of subject matter jurisdiction, explaining that Trinh had not raised "any claims arising under federal law or [alleged] that the parties are citizens of different states." June 3, 2019 Order at *1 n.1, D.C. Dkt. No. 3.

In Trinh's first appeal, we affirmed that her complaint, as filed, did not establish subject matter jurisdiction, but we remanded to allow Trinh the opportunity to amend her complaint. Trinh v. Fineman, 784 F. App'x 116, 117 (3d Cir. 2019) (per curiam).

Her amended complaint again asserted federal question jurisdiction—this time on the ground that Fineman, as the receiver, was "abusing his state power." Am. Compl. at *3, D.C. Dkt. No. 10. And again, the District Court dismissed the complaint. Although it determined that Trinh's complaint arguably raised a § 1983 claim, the Court held that Fineman,

as a court-appointed receiver, should be afforded quasi-judicial immunity. It therefore granted his motion to dismiss. *See* March 2, 2020 Orders, D.C. Dkt. Nos. 13 & 14.

In the instant appeal, in addition to the parties' regular briefing, we asked them to address:

> whether any of the acts of the Defendant, David Fineman, alleged in Trinh's amended complaint, were outside the scope of the authority granted him by the Court of Common Pleas of Philadelphia County. See Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018) (explaining that this Court uses a "functional approach" in determining whether quasi-judicial immunity should be applied).

Clerk Order at *1, App. Dkt. No. 10. That supplemental briefing is complete, and the case is now ripe for decision.

## II. **Discussion**[1]

Section 1983 establishes that "[e]very person who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages."

---

[1] The District Court wielded jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over a district court's order granting immunity from suit. Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000).

4

Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (alterations in original) (internal quotation marks omitted). But despite its broad language, courts have consistently held that in enacting § 1983, Congress did not intend to abolish the immunities recognized at common law. Id. The Supreme Court has recognized that those immunities include absolute immunity for certain officials, acting in their official capacities, judges among them. See Forrester v. White, 484 U.S. 219, 224–26 (1988). Today, we consider whether a state court-appointed receiver is also a type of official who would be immune from suit under common law.

## A. Quasi-Judicial Immunity

We conclude that the policies underlying judicial immunity similarly support immunity for state court-appointed receivers. The adjudicative function that judges perform requires that they be immune from suit for damages, see Stump v. Sparkman, 435 U.S. 349, 355–56 (1978), for "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits," Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quoting Forrester, 484 U.S. at 226–27). And that immunity extends to all judicial decisions, unless they were taken "in the clear absence of all jurisdiction." Stump, 435 U.S. at 357 (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1871)). Erroneous, controversial, and even unfair decisions do not divest a judge of immunity. Gallas, 211 F.3d at 769.

5

When the nature of an official's functions is akin to that of a judge, we extend a similar immunity—quasi-judicial immunity. Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011). As in the context of judicial immunity, we consider "the official's job function, as opposed to the particular act of which the plaintiff complains." Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006). Applying this logic, courts have extended quasi-judicial immunity to several roles closely associated with judges, such as federal hearing examiners, administrative law judges, federal and state prosecutors, and grand jurors. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985).

In this case, our examination persuades us that a receiver, too, functions as an "arm of the court." Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001). Courts appoint receivers in litigation to take charge of property at issue, and a receiver "has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court." Atl. Tr. Co. v. Chapman, 208 U.S. 360, 371 (1908). For that reason, the Supreme Court has observed, the appointment of a receiver causes the property at issue in the litigation to "pass[] into the custody of the law, and thenceforward its administration [is] wholly under the control of the court by its officer or creature, the receiver." Id. at 370.

And in recognition of the receiver's relationship to the court, our sister circuits have concluded that a court-appointed receiver is entitled to quasi-judicial immunity. See Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d

6

1, 2–3 (1st Cir. 1976); <u>Bradford Audio Corp. v. Pious</u>, 392 F.2d 67, 72–73 (2d Cir. 1968); <u>Davis v. Bayless</u>, 70 F.3d 367, 373 (5th Cir. 1995); <u>Smith v. Martin</u>, 542 F.2d 688, 690–91 (6th Cir. 1976); <u>New Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1303 (9th Cir. 1989); <u>T & W Inv. Co. v. Kurtz</u>, 588 F.2d 801, 802 (10th Cir. 1978); <u>Prop. Mgmt. & Invs., Inc. v. Lewis</u>, 752 F.2d 599, 603–04 (11th Cir. 1985); <u>cf.</u> <u>Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.</u>, 585 F.3d 1211, 1222 (9th Cir. 2009) (declining to extend immunity to claim against court-appointed receiver in his official capacity while managing an enterprise in receivership).  Pennsylvania law also reflects that understanding, defining a court-appointed receiver as a "judicial officer." 42 Pa. Cons. Stat. Ann. § 102; <u>see also</u> <u>Gior G.P., Inc. v. Waterfront Square Reef, LLC</u>, 202 A.3d 845, 856 (Pa. Commw. Ct. 2019) (noting that "[a] receiver is considered an officer and agent of the court that appoints the receiver").

## B.    Fineman's Official Functions

In this case, the District Court properly concluded that Fineman is the beneficiary of that quasi-judicial immunity. After careful review of the record and the briefs on appeal, we conclude that the District Court did not err in dismissing Trinh's complaint.  Fineman was duly appointed by the state court and the transcript of the state court hearing reflects that the judge was aware of, and approved of, all of his expenditures.[2]  And the state court's opinion makes plain that

---

[2] The transcript is not in the District Court record, but Fineman submitted the transcript on appeal, and when reviewing a district court's decision, we may "consider matters

7

"[t]he fees provided to [Fineman] from the escrow account were reasonable and were approved by the court," and that "[a]ny expenditures made were pursuant to either the terms of the settlement agreement, to satisfy outstanding legal fees, or pursuant to the winding-down of the business." State Court Op. at *2, D.C. Dkt. No. 11-3. Thus, quasi-judicial immunity is warranted because Fineman was acting in all relevant respects "at the court's request." Russell, 905 F.3d at 247–48.

Trinh's arguments to the contrary are in reality a disagreement with the outcome of Fineman's court-ordained actions and, even then, are not supported by the record. In contrast to her protestations here, Trinh "ha[d] been offered the opportunity to inspect the receiver's books multiple times" but "refused to take it." State Court Op. at *2, D.C. Dkt. No. 11-3. And Trinh has not shown that Fineman acted outside of his authority in any way, so the policy behind immunity for receivers "to prevent vexing suits against public officials" who are simply performing their duties, Kermit, 547 F.2d at 3, applies here.

## III. Conclusion

Because Fineman is entitled to quasi-judicial immunity for his court-ordered activities, the District Court did not err in dismissing Trinh's complaint, and we will therefore affirm the District Court's judgment.

---

of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Keystone, 631 F.3d at 95 (internal quotation marks and citation omitted).