**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2806 & 21-2807
_____

LAN TU TRINH,
                                        Appellant

v.

DAVID FINEMAN, Esq.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-20-cv-05746 & 2-21-cv-02117)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2022
Before:  GREENAWAY, JR, PORTER and NYGAARD, Circuit Judges

(Opinion filed May 17, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Before the Court are consolidated appeals brought by Appellant Lan Tu Trinh challenging orders of the District Court dismissing her complaints filed against David Fineman, Esq., on the ground of immunity. For the following reasons, we will affirm.

This is not the first time we have considered an appeal from a case brought by Trinh against Fineman, a court-appointed receiver in a case involving the dissolution of Trinh's beauty school business.[1] In her initial complaint, filed in 2019, Trinh alleged that Fineman failed to give her a proper accounting of the escrow account related to that state case and accused him of "the theft of [her] properties on behalf of the Court of Common Pleas . . ." See E.D. Pa. Civ. No. 2-19-cv-02305, ECF No. 1 at 6. We previously held, in a precedential opinion, that court-appointed receivers, like Fineman, have quasi-judicial immunity from suit when they act with the authority of the court. See Trinh v. Fineman, 9 F.4th 235, 238 (3d Cir. 2021) (agreeing with our sister circuits that a receiver "functions as an arm of the court" and thus, like a judge, is immune from suit (quotation marks and citation omitted)). We agreed with the District Court that Fineman was entitled to quasi-judicial immunity because Trinh "ha[d] not shown that [he] acted outside of his authority in any way" in the performance of his duties as receiver, and that therefore the complaint was subject to dismissal. Id. at 239.

While that appeal was pending, Trinh filed two more actions in the District Court against Fineman. In the first complaint, Trinh alleged, as before, that Fineman failed to

---

[1] Trinh brought suit in the Philadelphia Court of Common Pleas against her sister, who co-owned the beauty school business. That Court appointed Fineman to oversee the sale of certain properties owned by the business pursuant to a settlement reached by the parties.

provide a proper accounting of the escrow account. She also added a claim that Fineman "did not faithfully perform his assigned duty in management or appraisal" of the business. E.D. Pa. Civ. No. 2-20-cv-05746, ECF No. 2 at 6. In the second complaint, Trinh maintained that Fineman mishandled the dissolution of the business and was liable for "[s]tealing property through fraud, abuse of legal power in receivership, and tampering with documents to cover up misconduct." E.D. Pa. Civ. No. 2-21-cv-02117, ECF No. 1 at 3. As evidence of fraud, Trinh asserted that the corrective deed used to transfer the jointly-owned property to Trinh's sister failed to reflect that Trinh did not agree to the transfer. Id. at 6. In a joint order entered in both cases, the District Court dismissed the complaints. These appeals ensued.

The District Court properly determined that both complaints were subject to dismissal because Fineman was entitled to quasi-judicial immunity.[2] As before, Trinh seeks to hold Fineman accountable for acts taken in his role as receiver. Again, Trinh has failed to show that Fineman acted outside the scope of his authority, and her arguments "are in reality a disagreement with the outcome of Fineman's court-ordained actions." Trinh, 9 F.4th at 239.

Based on the foregoing, we will affirm the District Court's judgments.[3]

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over legal determinations regarding immunity. See Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006).

[3] Appellant's motion to file a supplemental appendix, motion "to command Santander Bank to produce all documents and deposits" of Appellee, "Motion for a Restraining Order and for Preliminary Injunction," and all pending motions are denied.