**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2685
_____

CHRISTOPHER WILLIAMS,
                                        Appellant

v.

BRIAN P. STACK, In Both His Individual and Official Capacities; CITY OF UNION
CITY; MOLLIE HARTMAN-LUSTIG, In Both His Individual and Former Official
Capacities; CORY BENAVIDES, In Both His Individual and Former Official Capacities;
ALEJANDRO VELAZQUEZ, In Both His Individual and Official Capacities;
MARTIN MARTINETTI, In Both His Individual and Official Capacities;
JAMES HERNANDEZ, In Both His Individual and Official Capacities; SAL FERLISE,
In Both His Individual and Official Capacities; JOSE GONZALEZ, In Both His
Individual and Official Capacities; ADAM BULIN, In Both His Individual and Official
Capacities; BULIN ASSOCIATES, INC.; JOHN DOE 1-10; JANE DOE 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-02439)
District Judge:  Honorable Evelyn Padin

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 8, 2024

Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: July 26, 2024)

---

PER CURIAM

Pro se litigant Christopher Williams appeals from the District Court's decision dismissing his amended civil rights complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm that judgment.

I.

Williams owns a three-unit apartment building (hereinafter "the Property") in Union City, New Jersey. In 2015, and again in 2017, a Union City code enforcement officer sent Williams a letter, stating that one of the Property's apartments was "non-conforming" with the City's code. In January 2019, a Union City subcode official issued Williams notices about the non-conforming apartment. Later that month, Union City filed a complaint against Williams in the Chancery Division of the New Jersey Superior Court and sought to place the Property under a receivership. In March 2019, the Superior Court appointed Bulin Associates, Inc., as receiver. And a few months later, Bulin Associates began collecting receiver fees.

In view of those events, Williams, in May 2022, filed a civil rights action in the District Court against (1) Union City and several Union City employees (hereinafter

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

collectively referred to as "the City Defendants"), and (2) Bulin Associates and Adam Bulin of Bulin Associates ("the Receiver Defendants"). Williams's amended complaint, which is the operative pleading, alleged that the above-noted events involving the Property amounted to takings without just compensation, and that the defendants had violated his constitutional rights in connection with those events.

The City Defendants and the Receiver Defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 5, 2023, the District Court granted those motions and dismissed the amended complaint with prejudice. In doing so, the District Court concluded that the claims against the Receiver Defendants were barred by the doctrine of quasi-judicial immunity, that the claims against the City Defendants were untimely and not subject to equitable tolling, and that granting Williams further leave to amend would be futile. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Williams's amended complaint is plenary. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

For substantially the reasons set forth in the District Court's September 5, 2023 opinion, we agree with its decision to dismiss the claims against the Receiver Defendants pursuant to the doctrine of quasi-judicial immunity. See Trinh v. Fineman, 9 F.4th 235, 237-38 (3d Cir. 2021) (holding that this doctrine applies to state-court-appointed receivers). As for the claims against the City Defendants, we agree with the District

3

Court that those claims are subject to the two-year statute of limitations that governs

42 U.S.C. § 1983 claims arising in New Jersey. See Dique v. N.J. State Police, 603 F.3d

181, 185 (3d Cir. 2010).[1] Williams's claims stem from events that occurred between

2015 and 2019, but he did not file his civil rights action until May 2022,[2] and we agree

with the District Court that there is no basis for equitable tolling in this case.[3]

Accordingly, the District Court correctly dismissed the claims against the City

Defendants as untimely. And since all Williams's claims were legally barred, the District

Court did not err in dismissing them with prejudice. See LaSpina v. SEIU Pa. State

---

[1] Williams argues that he brought his claims directly under the Constitution, not via § 1983. Assuming for the sake of argument that he could proceed directly under the Constitution, he has not persuaded us that a longer limitations period would govern these claims. See Bieneman v. City of Chicago, 864 F.2d 463, 469-70 (7th Cir. 1988) (indicating that a takings claim brought directly under the Constitution would be governed by the same limitations period as a takings claim brought under § 1983).

[2] To the extent that Williams argues that his claims are timely under the continuing-violation doctrine, that argument fails because this doctrine does not apply here. See Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 481 (3d Cir. 2014) ("[A] continuing violation is occasioned by continual unlawful *acts*, not continual ill effects from an original violation." (internal quotation marks omitted)).

[3] As a general matter, equitable tolling is available in the following situations: (1) "where a defendant actively misleads a plaintiff with respect to h[is] cause of action"; (2) "where the plaintiff has been prevented from asserting h[is] claim as a result of other extraordinary circumstances"; and (3) "where the plaintiff asserts h[is] claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). We agree with the District Court that none of those situations is presented here.

Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile" (internal quotation marks omitted)).

In view of the above, we will affirm the District Court's judgment.[4]

---

[4] We grant the Receiver Defendants' motion to supplement the appendix with filings that are part of the District Court record. To the extent that motion also seeks to expand the record to include copies of recent rulings from the Superior Court's Appellate Division in the state-court action brought by Union City, we deny that portion of the motion because those rulings do not bear on the issues before us. See Landy v. FDIC, 486 F.2d 139, 151 n.6B (3d Cir. 1973). Williams's "Motion to Suppress or for Leave to Supplement the Record," which (1) objects to adding those Appellate Division rulings to the record here, and (2) seeks to supplement the record with additional material if those rulings are indeed added to the record, is denied as moot.