NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3347

_____

PETER J. LYNCH,
                                        Appellant

v.

KATHRYN ANNE DONNELLY, In her official capacity as Virgin Islands Special
Designated Disciplinary Counsel, and in her Individual Capacity; TANISHA BAILEY-
ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary
Counsel, and in her Individual Capacity

_____

On Appeal from the District Court for the Virgin Islands
(D.C. Civil No. 3:24-cv-00043)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 9, 2025

Before: HARDIMAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: January 15, 2026)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Peter Lynch, a lawyer licensed to practice in the Virgin Islands, is facing ongoing attorney disciplinary proceedings. He filed a lawsuit alleging that those proceedings violated his constitutional rights. The District Court dismissed Lynch's claims, finding that it must abstain under *Younger* and that defendants were entitled to quasi-judicial immunity. For the reasons below, we will affirm the District Court's judgment.

I

Peter Lynch is a citizen of Florida and an attorney barred in the Virgin Islands. The Office of Disciplinary Counsel (ODC) opened an investigation into Lynch for improper solicitation of clients in violation of the Virgin Islands Rules of Professional Conduct. Chief Disciplinary Counsel Tanisha Bailey-Roka initiated the investigation and assigned it to Special Designated Disciplinary Counsel Kathryn Anne Donnelly. After a great deal of back-and-forth correspondence and proceedings before the Virgin Islands Supreme Court and the Professional Responsibility Board, Lynch sued Donnelly and Bailey-Roka in the District Court of the Virgin Islands. The investigation remained ongoing.

Lynch brought three claims against Bailey-Roka and Donnelly, seeking damages and injunctive relief under (1) the All Writs Act, (2) 42 U.S.C. § 1983, and (3) 42 U.S.C. § 1985. Bailey-Roka and Donnelly moved to dismiss Lynch's claims for lack of subject matter jurisdiction, insufficient process and service of process, and failure to state a claim. The District Court denied the motion on the first two grounds before finding that it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971) and that quasi-judicial

2

immunity attached to Bailey-Roka and Donnelly. *Lynch v. Donnelly*, 2024 WL 4819452, at *6-14 (D.V.I. Nov. 18, 2024). Lynch timely appealed.

II[1]

On appeal, Lynch argues that the District Court wrongly abstained under *Younger*, mistakenly found Bailey-Roka and Donnelly entitled to quasi-judicial immunity, and erred in denying his motion to amend the complaint. We address each issue in turn.

A

*Younger* requires federal courts to "abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019). *Younger* applies only to "three exceptional categories" of cases: "(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013)) (quotations omitted). The Virgin Islands calls its attorney disciplinary proceedings *sui generis*, but sometimes treats them as quasi-criminal. *See In re Burns*, 73 V.I. 600, 610 (2020). For a court to abstain

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's "determination of whether Younger abstention is proper." *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 890 (3d Cir. 2022). We apply de novo review to a district court's order granting immunity from suit, *Trinh v. Fineman*, 9 F.4th 235, 237 n.1 (3d Cir. 2021), and from an order denying leave to amend on the grounds of futility. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

under *Younger* when an attorney disciplinary proceeding is at issue, the Court must also find that three supplemental conditions are present, regardless of how it is categorized. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–34 (1982). Specifically, the proceedings must "[1] be ongoing and judicial in nature; [2] implicate important state interests; and [3] afford an adequate opportunity to raise federal claims." *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (citing *Middlesex*, 457 U.S. at 432). Even when all these conditions are satisfied, a court should not abstain under *Younger* if it finds that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Lynch does not dispute that the three *Middlesex* conditions are satisfied, but argues that *Younger* abstention nonetheless does not apply because Donnelly and Bailey-Roka's disciplinary investigation was driven by bad faith. It is Lynch's burden to provide evidence that bad faith existed, *Schall*, 885 F.2d at 111, but he fails to meet that burden. While Lynch alleges many grievances with the attorney disciplinary system writ large in the Virgin Islands, they are not sufficient to establish bad faith. He argues that the charges against him were brought "without any reasonable expectation of a valid conviction." Appellant's Br. at 17. But his arguments amount only to bare allegations of bias and animus against him by Donnelly and Bailey-Roka. And his own personal view that his actions did not violate Virgin Islands Supreme Court Rule 211.7.3 is unsupported by any authority. This is far from sufficient to meet the demanding requirements of the bad faith exception to *Younger*, which is limited to cases "of proven harassment or

4

prosecutions undertaken by state officials . . . without hope" of success. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). As such, the District Court did not err in abstaining under *Younger*.

B

Quasi-judicial immunity derives from judicial immunity, the principle that judges ought to be able to administer justice without fear of personal consequences. *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). These protections extend, through quasi-judicial immunity, to "certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Quasi-judicial immunity encompasses a host of actors, including those who serve as "arms of the court" and "fulfill[ ] a quasi-judicial role at the court's request." *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001). For quasi-judicial immunity to attach, an individual must be exposed to liability through the exercise of his judicial functions, not his nonjudicial acts. *Russell*, 905 F.3d at 247–48.

As the District Court noted, Donnelly and Bailey-Roka are members of the ODC, an arm of the Virgin Islands Supreme Court, which has "exclusive jurisdiction to . . . discipline [ ] persons admitted to the practice of law." V.I. Code tit. 4, § 32(e). Officers like Bailey-Roka and Lynch help the Virgin Islands Supreme Court to investigate and prosecute misconduct, and if they risk personal liability every time an attorney contests the charges against him, the attorney disciplinary process is imperiled. *See Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (holding that members of New Jersey's

5

Advisory Committee on Judicial Conduct, who investigate claims of judicial misconduct, were entitled to quasi-judicial immunity). Lynch's assertions of bias on the part of Donnelly and Bailey-Roka or their misconduct during this process are simply irrelevant, because "specifics" like "motive or the correctness of [their] decision" are not a factor in whether immunity attaches. *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000). The District Court recognized this principle, and correctly held that Donnelly and Bailey-Roka are entitled to quasi-judicial immunity.

C

Under these circumstances, the District Court properly dismissed Lynch's claims with prejudice. Because both Donnelly and Bailey-Roka are immune from suit, any amendment of the complaint by Lynch would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (recognizing the principle that courts should not permit amendment of the complaint when doing so would be futile).

\* \* \*

We will affirm the District Court's orders dismissing the case and denying leave to amend.